# United States Court of Appeals
### *for the*
# Fifth Circuit

Case No. 25-30677

GREATER GUIDE, INCORPORATED, *doing business as* AMERICAN SERVICE PETS

*Plaintiff-Appellant*

v.

SAPS, L.L.C., *doing business as* US SERVICE ANIMALS; PREVENT ESA FRAUD, INCORPORATED; PREVENT ESA FRAUD; DOMINICK LATINO, III,

*Defendants-Appellees*

**ON APPEAL FROM THE JUDGMENT OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, NO. 25-CV-00428, THE HON. CARL J. BARBIER PRESIDING**

## RECORD EXCERPTS

EVAN J. BERGERON (LA BAR NO. 33725)
SAMUEL H. WINSTON (LA BAR NO. 34821)
ANDREW A. MABERRY (LSBA# 38825)
*Attorneys for Plaintiff-Appellant*
8120 Oak Street
New Orleans, Louisiana 70118
Phone:  (504) 577-2500
Email:  evan@winstonbergeron.com
        sam@winstonbergeron.com
        andy@winstonbergeron.com

# TABLE OF CONTENTS

1.  Original Court Docket Sheet (ROA.1-15)

2.  Notice of Appeal (ROA.1766-1767)

3.  Order and Reasons (ROA.1749-1765)

# 1. Original Court Docket Sheet

APPEAL

Jump to Docket Table

# U.S. District Court
## Eastern District of Louisiana (New Orleans)
## CIVIL DOCKET FOR CASE #: 2:25-cv-00428-CJB-MBN

| | |
|---|---|
| Greater Guide, Inc. v. SAPS LLC, et al | Date Filed: 02/28/2025 |
| Assigned to: Judge Carl J Barbier | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Michael North | Nature of Suit: 470 Racketeer/Corrupt |
| Case in other court:  USCA, 5th Cir., 25-30677 | Organization |
| Cause: 18:1961 Racketeering (RICO) Act | Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **Greater Guide Inc** | represented by | **Vincent J Trombatore** |
| *doing business as* | | Laborde Legal Group LLC |
| American Service Pets | | 1615 Poydras St |
| | | Ste 900 |
| | | New Orleans, LA 70112 |
| | | 504-208-4554 |
| | | Email: vincent@labordelegal.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Garrett Patrick Laborde** |
| | | Laborde Legal Group, LLC |
| | | 21 S. Tarragona Street |
| | | Ste #103 |
| | | Pensacola, FL 32502 |
| | | 850-366-2376 |
| | | Email: garrett@labordelegal.com |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **SAPS, LLC** | represented by | **Frederic Theodore Le Clercq** |
| *TERMINATED: 10/31/2025* | | Deutsch Kerrigan & Stiles LLP (New |
| *doing business as* | | Orleans) |
| US Service Animals | | 755 Magazine Street |
| *TERMINATED: 10/31/2025* | | New Orleans, LA 70130 |
| | | (504) 581-5141 |
| | | Email: ted@deutschkerrigan.com |
| | | *TERMINATED: 09/26/2025* |
| | | *LEAD ATTORNEY* |
| | | |
| | | **Duris Lee Holmes** |
| | | Deutsch Kerrigan & Stiles LLP (New |
| | | Orleans) |

**25-30677.1**

755 Magazine Street
New Orleans, LA 70130
504-581-5141
Fax: 504-566-4059
Email: dholmes@deutschkerrigan.com
*TERMINATED: 09/26/2025*

**Haley A. Jupiter**
Sternberg, Naccari & White, LLC
935 Gravier Street
Suite 2020
New Orleans, LA 70112
504-267-9701
Email: haley@snw.law
*ATTORNEY TO BE NOTICED*

**Jason S. Mills**
Morgan Lewis & Bockius
300 S. Grand Avenue
Los Angeles, CA 90071
213-896-6627
Email: jason.mills@morganlewis.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine Wells Gressett**
Sternberg, Naccari & White LLC
935 Gravier St.
Suite 2020
New Orleans, LA 70112
504-285-0475
Fax: 504-285-0475
Email: katherine@snw.law
*ATTORNEY TO BE NOTICED*

**Kelly L. Covington**
Deutsch Kerrigan & Stiles LLP (New Orleans)
755 Magazine Street
New Orleans, LA 70130
504-581-5141
Email: kcovington@deutschkerrigan.com
*TERMINATED: 09/26/2025*

**Kenneth A Polite**
Sidley Austin LLP
1501 K Street N.W.
Washington, DC 20005
202-736-8507
Email: kpolite@sidley.com
*ATTORNEY TO BE NOTICED*

**M. Suzanne Montero**

Sternberg Naccari & White
Sternberg Naccari & White
935 Gravier Street
Suite 2020
New Orleans, LA 70112
504-308-1395
Fax: 504-534-8961
Email: suzy@snw.law
*ATTORNEY TO BE NOTICED*

**Scott L. Sternberg**
Sternberg, Naccari & White LLC
935 Gravier Street
Suite 2020
70112
New Orleans, LA 70130
504-331-0888
Fax: 504-534-8961
Email: scott@snw.law
*ATTORNEY TO BE NOTICED*

**Defendant**

**Prevent ESA Fraud, Inc.**
*TERMINATED: 10/31/2025*

represented by **Frederic Theodore Le Clercq**
(See above for address)
*TERMINATED: 09/26/2025*
*LEAD ATTORNEY*

**Duris Lee Holmes**
(See above for address)
*TERMINATED: 09/26/2025*

**Haley A. Jupiter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason S. Mills**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine Wells Gressett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelly L. Covington**
(See above for address)
*TERMINATED: 09/26/2025*

**Kenneth A Polite**
(See above for address)
*ATTORNEY TO BE NOTICED*

**M. Suzanne Montero**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott L. Sternberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Prevent ESA Fraud**
*TERMINATED: 10/31/2025*

represented by   **Frederic Theodore Le Clercq**
(See above for address)
*TERMINATED: 09/26/2025*
*LEAD ATTORNEY*

**Duris Lee Holmes**
(See above for address)
*TERMINATED: 09/26/2025*

**Haley A. Jupiter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason S. Mills**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine Wells Gressett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelly L. Covington**
(See above for address)
*TERMINATED: 09/26/2025*

**Kenneth A Polite**
(See above for address)
*ATTORNEY TO BE NOTICED*

**M. Suzanne Montero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott L. Sternberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dominick Latino, III**
*TERMINATED: 10/31/2025*

represented by   **Frederic Theodore Le Clercq**
(See above for address)
*TERMINATED: 09/26/2025*
*LEAD ATTORNEY*

**25-30677.4**

**Duris Lee Holmes**
(See above for address)
*TERMINATED: 09/26/2025*

**Haley A. Jupiter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason S. Mills**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine Wells Gressett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelly L. Covington**
(See above for address)
*TERMINATED: 09/26/2025*

**Kenneth A Polite**
(See above for address)
*ATTORNEY TO BE NOTICED*

**M. Suzanne Montero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott L. Sternberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Unidentified Party**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/28/2025 | 1 (p.16) | COMPLAINT with jury demand against All Defendants (Filing fee $ 405 receipt number ALAEDC-10905322) filed by Greater Guide Inc. (Attachments: # 1 (p.16) Civil Cover Sheet, # 2 Exhibit, # 3 (p.53) RULE 7.1 DISCLOSURE STATEMENT)Attorney Vincent J Trombatore added to party Greater Guide Inc. (pty:pla).(Trombatore, Vincent) Modified text on 3/3/2025 (amj). (Entered: 02/28/2025) |
| 03/03/2025 | 2 | Initial Case Assignment to Judge Carl J Barbier and Magistrate Judge Michael North. (car) (Entered: 03/03/2025) |
| 03/03/2025 | 3 (p.53) | Statement of Corporate Disclosure by Greater Guide Inc identifying Corporate Parent Lido Labs Holdings Company for Greater Guide Inc (amj) (Entered: 03/03/2025) |

| 03/03/2025 | 4 | Correction of Docket Entry by Clerk re 1 (p.16) Complaint. Filing attorney attached the Statement of Corporate Disclosure to this entry instead of filing it as a separate entry. Clerk took corrective action by separating the Statement of Corporate Disclosure and docketing it as a separate entry. All future Statement of Corporate Disclosure must be filed separately. No further action is necessary. (amj) (Entered: 03/03/2025) |
|---|---|---|
| 03/05/2025 | 5 (p.55) | Rico Standing Order. by Clerk. (amj) (Entered: 03/05/2025) |
| 03/25/2025 | 6 (p.60) | RICO Case Statement by Greater Guide Inc *Statement-Reply to RICO Standing Order* (Attachments: # 1 (p.16) Exhibit EXHIBIT EXHIBIT TO PLAINTIFFS STATEMENT IN COMPLIANCE WITH RICO STANDING ORDER)(Trombatore, Vincent) (Entered: 03/25/2025) |
| 04/14/2025 | 7 (p.121) | WAIVER OF SERVICE Returned Executed; waiver sent to Dominick Latino, III on 3/6/2025, answer due 5/5/2025. (Trombatore, Vincent) (Entered: 04/14/2025) |
| 04/14/2025 | 8 (p.123) | WAIVER OF SERVICE Returned Executed; waiver sent to Prevent ESA Fraud on 3/6/2025, answer due 5/5/2025. (Trombatore, Vincent) (Entered: 04/14/2025) |
| 04/16/2025 | 9 (p.125) | WAIVER OF SERVICE Returned Executed; waiver sent to SAPS LLC on 3/6/2025, answer due 5/5/2025. (Trombatore, Vincent) (Entered: 04/16/2025) |
| 04/16/2025 | 10 (p.127) | WAIVER OF SERVICE Returned Executed; waiver sent to Prevent ESA Fraud, Inc. on 3/6/2025, answer due 5/5/2025. (Trombatore, Vincent) (Entered: 04/16/2025) |
| 04/30/2025 | 11 (p.129) | EXPARTE/CONSENT First MOTION for Extension of Time to Answer re 1 (p.16) Complaint, by Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC. (Attachments: # 1 (p.16) Proposed Order)Attorney Frederic Theodore Le Clercq added to party Dominick Latino, III(pty:dft), Attorney Frederic Theodore Le Clercq added to party Prevent ESA Fraud(pty:dft), Attorney Frederic Theodore Le Clercq added to party Prevent ESA Fraud, Inc.(pty:dft), Attorney Frederic Theodore Le Clercq added to party SAPS, LLC(pty:dft).(Le Clercq, Frederic) (Entered: 04/30/2025) |
| 05/01/2025 | 12 (p.132) | ORDER granting 11 (p.129) Motion for Extension of Time to Answer. Defendants SAPS LLC, Prevent ESA Fraud Inc., Prevent ESA Fraud, and Dominick Latino, III are granted an extension of an additional twenty-one days, or until May 27, 2025, to file responsive pleadings. Signed by Judge Carl J Barbier on 5/1/25. (cg) (Main Document 12 replaced on 5/1/2025) (cg). (Entered: 05/01/2025) |
| 05/16/2025 | 13 (p.133) | NOTICE by Greater Guide Inc *OF READINESS TO CONDUCT MEETING OF PARTIES UNDER FRCP 26(f)*. (Trombatore, Vincent) (Entered: 05/16/2025) |
| 05/23/2025 | 14 (p.137) | |

| | | |
|---|---|---|
| | | EXPARTE/CONSENT MOTION for Leave to File Excess Pages by Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC. (Attachments: # 1 (p.16) Proposed Order, # 2 Proposed Pleading Motion to Dismiss, # 3 (p.53) Proposed Pleading Memorandum in Support, # 4 Exhibit, # 5 (p.55) Exhibit, # 6 (p.60) Notice of Submission, # 7 (p.121) Proposed Pleading Request for Oral Argument, # 8 (p.123) Proposed Order Oral Argument)(Le Clercq, Frederic) Modified referral and text on 5/27/2025 (amj). (Entered: 05/23/2025) |
| 05/27/2025 | 15 | Correction of Docket Entry by Clerk re 14 (p.137) MOTION for Leave to File Excess Pages. Filing attorney incorrectly changed 'N' to 'Y' at the question 'Is this motion to be decided by the Magistrate Judge Y/N?'. This motion will be decided by the District Judge. Clerk took corrective action. (amj) (Entered: 05/27/2025) |
| 05/27/2025 | 16 (p.195) | ORDER granting 14 (p.137) Motion for Leave to File Excess Pages. Signed by Judge Carl J Barbier on 5/27/2025. (amj) (Entered: 05/27/2025) |
| 05/27/2025 | 17 (p.196) | MOTION to Dismiss for Failure to State a Claim by Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC. Motion(s) will be submitted on 6/11/2025. (Attachments: # 1 (p.16) Memorandum in Support, # 2 Notice of Submission, # 3 (p.53) Exhibit, # 4 Exhibit)(amj) (Entered: 05/27/2025) |
| 05/27/2025 | 18 (p.248) | Request/Statement of Oral Argument by Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC regarding 17 (p.196) MOTION to Dismiss for Failure to State a Claim. (Attachments: # 1 (p.16) Proposed Order)(amj) (Entered: 05/27/2025) |
| 05/28/2025 | 19 (p.251) | ORDER denying re 18 (p.248) Request/Statement of Oral Argument. Signed by Judge Carl J Barbier on 5/28/2025.(amj) (Entered: 05/28/2025) |
| 05/29/2025 | 20 (p.252) | EXPARTE/CONSENT MOTION to Continue *Submission Date of Defendants' Motion to Dismiss* by Greater Guide Inc. (Attachments: # 1 (p.16) Proposed Order, # 2 Notice of Submission)(Trombatore, Vincent) Modified submission date and text on 5/30/2025 (amj). (Entered: 05/29/2025) |
| 05/30/2025 | 21 | Correction of Docket Entry by Clerk re 20 (p.252) MOTION to Continue *SUBMISSION DATE OF DEFENDANTS MOTION TO DISMISS*. Filing attorney should have selected 'Yes' at the question 'Is this an Exparte/Consent Motion Y/N?'. Exparte/Consent Motions are not set for submission. Clerk modified docket text to reflect 'Exparte' and remove submission date. (amj) (Entered: 05/30/2025) |
| 05/30/2025 | 22 (p.260) | ORDER granting 20 (p.252) MOTION to Continue Submission Date of Defendants' Motion to Dismiss. IT IS HEREBY |

| | | |
|---|---|---|
| | | ORDERED that Defendants' Motion to Dismiss (Rec. Doc. 17), presently set for submission on June 11, 2025, will be submitted to the Court on July 9, 2025. Signed by Judge Carl J Barbier on 5/30/2025.(amj) (Entered: 05/30/2025) |
| 06/09/2025 | 23 (p.261) | Statement of Corporate Disclosure by Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC identifying Corporate Parent JYB Magic, Inc., Corporate Parent The Final Fifteen, Inc., Corporate Parent Rocinante Holdings LLC for SAPS, LLC (Holmes, Duris) (Entered: 06/09/2025) |
| 06/17/2025 | 24 (p.264) | DEFICIENT: MOTION to Amend/Correct 1 (p.16) Complaint, by Greater Guide Inc. Motion(s) will be submitted on 7/9/2025. (Attachments: # 1 (p.16) Notice of Submission, # 2 Proposed Order, # 3 (p.53) Complaint, # 4 Exhibit, # 5 (p.55) Exhibit, # 6 (p.60) Exhibit, # 7 (p.121) Exhibit, # 8 (p.123) Exhibit, # 9 (p.125) Exhibit, # 10 (p.127) Exhibit)(Trombatore, Vincent) Modified on 6/18/2025 (amj). (Entered: 06/17/2025) |
| 06/20/2025 | 25 (p.365) | First MOTION for Leave to File *First Amended Complaint for Damages and Injunctive Relief* by Greater Guide Inc. Motion(s) referred to Michael North. Motion(s) will be submitted on 7/9/2025. (Attachments: # 1 (p.16) Proposed Pleading, # 2 Exhibit, # 3 (p.53) Exhibit, # 4 Exhibit, # 5 (p.55) Exhibit, # 6 (p.60) Exhibit, # 7 (p.121) Exhibit, # 8 (p.123) Exhibit, # 9 (p.125) Memorandum in Support, # 10 (p.127) Notice of Submission, # 11 (p.129) Proposed Order)(Trombatore, Vincent) Modified event and text on 6/23/2025 (amj). (Entered: 06/20/2025) |
| 06/20/2025 | 26 (p.474) | EXPARTE/CONSENT MOTION to Continue *Submission Date of Defendants' Motion to Dismiss* by Greater Guide Inc. (Attachments: # 1 (p.16) Proposed Order)(Trombatore, Vincent) Modified on 6/23/2025 (amj). (Entered: 06/20/2025) |
| 06/23/2025 | 27 | Correction of Docket Entry by Clerk re 25 (p.365) Motion to Amend/Correct. Filing attorney selected incorrect event. Correct event is Motion for Leave to File Document. Clerk took corrective action. (amj) (Entered: 06/23/2025) |
| 06/24/2025 | 28 (p.480) | ORDER granting in part 26 (p.474) MOTION to Continue Submission Date of Defendants' Motion to Dismiss. The submission date of Defendants' Motion to Dismiss (Rec. Doc. 17 (p.196) ), currently set for July 9, 2025, is CONTINUED to July 23, 2025. Signed by Judge Carl J Barbier on 6/23/2025.(amj) (Entered: 06/24/2025) |
| 07/01/2025 | 29 (p.482) | MOTION Declare Defendants' May 27, 2025 Motion to Dismiss as Moot by Greater Guide Inc. Motion(s) will be submitted on 7/23/2025. (Attachments: # 1 (p.16) Memorandum in Support, # 2 Exhibit 1, # 3 (p.53) Proposed Order, # 4 Notice of Submission)(Trombatore, Vincent) Modified on 7/2/2025 (amj). (Entered: 07/01/2025) |
| 07/02/2025 | 30 (p.500) | |

| | | |
|---|---|---|
| | | ORDER granting 29 (p.482) Motion to Declare Defendants May 27, 2025 Motion to Dismiss as Moot. IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint (Rec. Doc. 25 (p.365) ) is GRANTED. IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (Rec. Doc. 17 (p.196) ) is DENIED as moot. Signed by Judge Carl J Barbier on 7/2/2025. (amj) (Entered: 07/02/2025) |
| 07/02/2025 | 31 (p.501) | FIRST AMENDED COMPLAINT against All Defendants filed by Greater Guide Inc. (Attachments: # 1 (p.16) Exhibit, # 2 Exhibit, # 3 (p.53) Exhibit, # 4 Exhibit, # 5 (p.55) Exhibit, # 6 (p.60) Exhibit, # 7 (p.121) Exhibit)(amj) (Entered: 07/02/2025) |
| 07/16/2025 | 32 (p.594) | EXPARTE/CONSENT MOTION for Extension of Time to Answer *First Amended Complaint* by Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC. (Attachments: # 1 (p.16) Proposed Order)(Le Clercq, Frederic) Modified on 7/16/2025 (amj). (Entered: 07/16/2025) |
| 07/16/2025 | 33 (p.597) | ORDER granting 32 (p.594) Motion for Extension of Time to Answer First Amended Complaint as to Dominick Latino, III; Prevent ESA Fraud; Prevent ESA Fraud, Inc.; and SAPS, LLC answer due 8/8/2025. Signed by Judge Carl J Barbier on 7/16/2025. (amj) (Entered: 07/16/2025) |
| 07/18/2025 | 34 (p.598) | RESPONSE/MEMORANDUM in Opposition filed by Greater Guide Inc re 32 (p.594) Ex Parte MOTION for Extension of Time to Answer *First Amended Complaint* . (Trombatore, Vincent) (Entered: 07/18/2025) |
| 08/01/2025 | 35 (p.605) | Notice of Scheduling Conference set for 8/19/2025 11:30 AM before case manager by telephone. By Clerk.(amj) (Entered: 08/01/2025) |
| 08/04/2025 | 36 (p.606) | **STRICKEN** Proposed Rule 26(f) Discovery Plan by Greater Guide Inc (Trombatore, Vincent) Modified on 8/5/2025 (amj). (Entered: 08/04/2025) |
| 08/05/2025 | 37 | Correction of Docket Entry by Clerk re 36 (p.606) Proposed Rule 26(f) Discovery Plan. Document has been stricken pursuant to Rule 5(d) of the FRCP. (amj) (Entered: 08/05/2025) |
| 08/06/2025 | 38 (p.618) | OBJECTIONS by Greater Guide Inc to *Defendants Objection to Initial Disclosures and Submission of Rule 26(f) Report and Discovery Plan Pursuant to LR 26.2(B)* (Trombatore, Vincent) Modified on 8/7/2025 (amj). (Entered: 08/06/2025) |
| 08/08/2025 | 39 (p.632) | EXPARTE/CONSENT MOTION to Enroll as Counsel of Record by Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC. (Attachments: # 1 (p.16) Proposed Order)(Holmes, Duris) (Entered: 08/08/2025) |
| 08/08/2025 | 40 (p.635) | EXPARTE/CONSENT MOTION for Leave to File *Defendants Memorandum in Support of its Motion to Dismiss First* |

| | | |
|---|---|---|
| | | *Amended Complaint for Damages and Injunctive Relief With Excess Pages* by Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC. (Attachments: # 1 (p.16) Proposed Order, # 2 Proposed Pleading, # 3 (p.53) Proposed Pleading, # 4 Exhibit A, # 5 (p.55) Exhibit B, # 6 (p.60) Exhibit C, # 7 (p.121) Exhibit D, # 8 (p.123) Exhibit E, # 9 (p.125) Notice of Submission, # 10 (p.127) Proposed Pleading, # 11 (p.129) Proposed Order)(Le Clercq, Frederic) Modified on 8/8/2025 (amj). (Entered: 08/08/2025) |
| 08/08/2025 | 41 (p.729) | Request/Statement of Oral Argument by Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC regarding 40 (p.635) MOTION for Leave to File *Defendants Memorandum in Support of its Motion to Dismiss First Amended Complaint for Damages and Injunctive Relief With Excess Pages*. (Attachments: # 1 (p.16) Proposed Order)(amj) (Entered: 08/08/2025) |
| 08/08/2025 | 42 | Correction of Docket Entry by Clerk re 40 (p.635) MOTION for Leave to File . Filing attorney attached a Request/Statement for Oral Argument to this motion instead of filing it as a separate entry. Clerk took corrective action by separating the request and docketing it as a separate entry. All future requests for oral argument must be filed separately. (amj) (Entered: 08/08/2025) |
| 08/10/2025 | 43 (p.732) | RESPONSE/MEMORANDUM in Opposition filed by Greater Guide Inc re 40 (p.635) MOTION for Leave to File *Excess Pages*. (Attachments: # 1 (p.16) Proposed Order Order, # 2 Proposed Order Alternative Order)(Trombatore, Vincent) (Entered: 08/10/2025) |
| 08/11/2025 | 44 (p.746) | ORDER granting 39 (p.632) Motion to Enroll as Counsel of Record. IT IS HEREBY ORDERED that Kelly L. Covington is ENROLLED as additional counsel of record for defendants, Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., and SAPS, LLC. Signed by Judge Carl J Barbier on 8/8/2025. (amj) (Entered: 08/11/2025) |
| 08/11/2025 | 45 (p.747) | ORDER: IT IS HEREBY ORDERED that the Motion for Leave to File Memorandum in Support of Motion to Dismiss First Amended Complaint for Damages and Injunctive Relief with Excess Pages (Rec. Doc. 40 (p.635) ) is DENIED without prejudice. This Court previously permitted Defendants leave to file a thirty-six-page memorandum as support of their motion to dismiss. (Rec. Doc. 16). Defendants may seek leave to file a memorandum of a similar page length. IT IS FURTHER ORDERED that Defendants' Request for Oral Argument (Rec. Doc. 41) is DENIED as moot. Signed by Judge Carl J Barbier on 8/8/2025. (amj) (Entered: 08/11/2025) |
| 08/11/2025 | 46 (p.748) | EXPARTE/CONSENT MOTION for Leave to File Excess Pages by Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC. (Attachments: # 1 (p.16) Proposed Order, # 2 Proposed Pleading Proposed motion to |

| | | |
|---|---|---|
| | | dismis, # 3 (p.53) Proposed Pleading Proposed memorandum in support of motion to dismiss, # 4 Proposed Pleading Exhibit A to proposed memorandum in support of motion to dismiss, # 5 (p.55) Proposed Pleading Exhibit B to proposed memorandum in support of motion to dismiss, # 6 (p.60) Proposed Pleading Exhibit C to proposed memorandum in support of motion to dismiss, # 7 (p.121) Proposed Pleading Exhibit D to proposed memorandum in support of motion to dismiss, # 8 (p.123) Proposed Pleading Exhibit E to proposed memorandum in support of motion to dismiss, # 9 (p.125) Proposed Pleading Proposed notice of submission)(Holmes, Duris) (Entered: 08/11/2025) |
| 08/12/2025 | 47 (p.829) | ORDER granting 46 (p.748) Motion for Leave to File Memorandum in Support of Motion to Dismiss First Amended Complaint for Damages and Injunctive Relief with Excess Pages. Signed by Judge Carl J Barbier on 8/12/2025. (amj) (Entered: 08/12/2025) |
| 08/12/2025 | 48 (p.830) | MOTION to Dismiss for Failure to State a Claim re 31 (p.501) First Amended Complaint for Damages and Injunctive Relief by Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC. Motion(s) will be submitted on 9/17/2025. (Attachments: # 1 (p.16) Memorandum in Support, # 2 Notice of Submission, # 3 (p.53) Exhibit A, # 4 Exhibit B, # 5 (p.55) Exhibit C, # 6 (p.60) Exhibit D, # 7 (p.121) Exhibit E)(amj) (Entered: 08/12/2025) |
| 08/12/2025 | 49 (p.908) | Request/Statement of Oral Argument by Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC regarding 48 (p.830) MOTION to Dismiss for Failure to State a Claim . (Holmes, Duris) (Entered: 08/12/2025) |
| 08/12/2025 | 50 (p.910) | MOTION to Stay *Initial Disclosures and Discovery Pursuant to Fed. R. Civ. P. 26(c)* by Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC. Motion(s) will be submitted on 9/3/2025. (Attachments: # 1 (p.16) Memorandum in Support, # 2 Exhibit, # 3 (p.53) Notice of Submission)(Holmes, Duris) (Entered: 08/12/2025) |
| 08/13/2025 | 51 (p.944) | Request/Statement of Oral Argument by Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC regarding 50 (p.910) MOTION to Stay *Initial Disclosures and Discovery Pursuant to Fed. R. Civ. P. 26(c)* (Attachments: # 1 (p.16) Proposed Order)(Holmes, Duris) (Entered: 08/13/2025) |
| 08/13/2025 | 52 (p.947) | ORDER denying re 49 (p.908) Request/Statement of Oral Argument. Defendants' Motion to Dismiss (Rec. Doc. 48) will be considered on the briefs. Signed by Judge Carl J Barbier on 8/12/2025.(amj) (Entered: 08/13/2025) |
| 08/13/2025 | 53 (p.948) | ORDER denying re 51 (p.944) Request/Statement of Oral Argument. Defendants' Motion to Stay Initial Disclosures and Discovery (Rec. Doc. 50) will be considered on the briefs. Signed by Judge Carl J Barbier on 8/13/2025.(amj) (Entered: |

| | | |
|---|---|---|
| | | 08/13/2025) |
| 08/14/2025 | 54 (p.949) | OBJECTIONS by Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC *to Initial Disclosures* (Holmes, Duris) (Entered: 08/14/2025) |
| 08/19/2025 | 55 (p.951) | RESPONSE/MEMORANDUM in Opposition filed by Greater Guide Inc re 50 (p.910) MOTION to Stay *Initial Disclosures and Discovery Pursuant to Fed. R. Civ. P. 26(c) Response in Opposition to Defendants Motion to Stay Initial Disclosures and Discovery*. (Attachments: # 1 (p.16) Exhibit A Ltr ATT to FCC)(Trombatore, Vincent) Modified on 8/20/2025 (amj). (Entered: 08/19/2025) |
| 08/22/2025 | 56 (p.974) | SCHEDULING ORDER: Final Pretrial Conference set for 8/6/2026 02:00 PM before Judge Carl J Barbier. Jury Trial set for 9/14/2026 08:30 AM before Judge Carl J Barbier. All discovery must be completed by 7/7/2026. Signed by Judge Carl J Barbier on 8/21/2025. (Attachments: # 1 (p.16) Pretrial Notice Form)(amj) (Entered: 08/22/2025) |
| 08/26/2025 | 57 (p.986) | EXPARTE/CONSENT MOTION for Leave to File *A SUPPLEMENTAL MEMORANDUM IN FURTHER OPPOSITION TO DEFENDANTS MOTION TO STAY INITIAL DISCLOSURES AND DISCOVERY* by Greater Guide Inc. (Attachments: # 1 (p.16) Proposed Order, # 2 SUPPLEMENTAL MEMORANDUM IN FURTHER OPPOSITION TO DEFENDANTS MOTION)(Trombatore, Vincent) Modified referral on 8/27/2025 (cg). (Entered: 08/26/2025) |
| 08/27/2025 | 58 (p.995) | ORDER granting 57 (p.986) Motion for Leave to File Supplemental Memorandum. Plaintiff's Supplemental Memorandum (Rec. Doc. 57-2) be filed into the record as supplemental opposition to Defendants' Motion to Stay Initial Disclosures and Discovery (Rec. Doc. 50). Signed by Judge Carl J Barbier on 8/27/2025. (amj) (Entered: 08/27/2025) |
| 08/27/2025 | 59 (p.996) | Supplemental Memorandum filed by Greater Guide Inc, in Opposition of 50 (p.910) MOTION to Stay *Initial Disclosures and Discovery Pursuant to Fed. R. Civ. P. 26(c)*. (amj) (Entered: 08/27/2025) |
| 08/29/2025 | 60 (p.1001) | REPLY to Response to Motion filed by Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC re 50 (p.910) MOTION to Stay *Initial Disclosures and Discovery Pursuant to Fed. R. Civ. P. 26(c)*. (Attachments: # 1 (p.16) Exhibit)(Holmes, Duris) (Entered: 08/29/2025) |
| 09/03/2025 | 61 (p.1010) | ORDER: IT IS HEREBY ORDERED that the Motion to Stay Initial Disclosures and Discovery Pursuant to Fed. R. Civ. P. 26(c) (Rec. Doc. 50 (p.910) ) is DENIED. Initial disclosures by and discovery between parties shall proceed in conformity with federal and local rules. Signed by Judge Carl J Barbier on 9/3/2025. (amj) (Entered: 09/03/2025) |

| | | |
|---|---|---|
| 09/05/2025 | 62 (p.1011) | MOTION for Extension of Time to Complete Discovery by Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC. Motion(s) referred to Michael North. Motion(s) will be submitted on 9/24/2025. (Attachments: # 1 (p.16) Memorandum in Support, # 2 Exhibit Exh. 1, # 3 (p.53) Exhibit Exh. 2, # 4 Exhibit Exh. 3, # 5 (p.55) Notice of Submission, # 6 (p.60) Proposed Order)(Le Clercq, Frederic) Modified on 9/10/2025 (amj). (Entered: 09/05/2025) |
| 09/05/2025 | 63 (p.1636) | EXPARTE/CONSENT MOTION to Expedite by Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC. Motion(s) referred to Michael North. (Attachments: # 1 (p.16) Proposed Order)(Le Clercq, Frederic) Modified referral on 9/8/2025 (amj). Modified on 9/10/2025 (amj). (Entered: 09/05/2025) |
| 09/09/2025 | 64 (p.1640) | RESPONSE/MEMORANDUM in Opposition filed by Greater Guide Inc re 48 (p.830) MOTION to Dismiss for Failure to State a Claim . (Trombatore, Vincent) (Entered: 09/09/2025) |
| 09/11/2025 | 65 (p.1666) | RESPONSE/MEMORANDUM in Opposition filed by Greater Guide Inc re 62 (p.1011) MOTION for Extension of Time to Complete Discovery , 63 (p.1636) MOTION to Expedite . (Trombatore, Vincent) (Entered: 09/11/2025) |
| 09/12/2025 | 66 (p.1673) | ORDER: IT IS ORDERED that Defendants' 62 (p.1011) Motion for Extension of Time to Respond to Plaintiffs Discovery Requests is GRANTED. IT IS FURTHER ORDERED that the 63 (p.1636) Motion to Expedite is DISMISSED AS MOOT. Signed by Magistrate Judge Michael North on 9/12/2025. (rkr) (Entered: 09/12/2025) |
| 09/12/2025 | 67 (p.1674) | EXPARTE/CONSENT MOTION to Appear Pro Hac Vice (Filing fee $ 100 receipt number ALAEDC-11156262) by Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC. (Attachments: # 1 (p.16) Proposed Order, # 2 Exhibit Certificate of Good Standing, # 3 (p.53) Statement Under Oath, # 4 Consent to Electronic Filing)(Holmes, Duris) (Entered: 09/12/2025) |
| 09/15/2025 | 68 (p.1685) | DEFICIENT: NOTICE of Appearance by Kenneth A Polite on behalf of Greater Guide Inc. Attorney Kenneth A Polite added to party Greater Guide Inc(pty:pla).(Polite, Kenneth) Modified on 9/16/2025 (lag). (Entered: 09/15/2025) |
| 09/15/2025 | 69 (p.1686) | DEFICIENT: REPLY to Response to Motion filed by Greater Guide Inc re 48 (p.830) MOTION to Dismiss for Failure to State a Claim . (Polite, Kenneth) Modified on 9/16/2025 (lag). (Entered: 09/15/2025) |
| 09/15/2025 | 70 (p.1697) | ORDER granting 67 (p.1674) Motion to Appear Pro Hac Vice as to Jason S. Mills. Signed by Judge Carl J Barbier on 9/15/2025. (amj) (Entered: 09/15/2025) |
| 09/16/2025 | 71 (p.1698) | DEFICIENT: EXPARTE/CONSENT MOTION to Enroll as Counsel of Record by Dominick Latino, III, Prevent ESA |

| | | |
|---|---|---|
| | | Fraud, Prevent ESA Fraud, Inc., SAPS, LLC. (Attachments: # 1 (p.16) Proposed Order)Attorney Kenneth A Polite added to party Dominick Latino, III(pty:dft), Attorney Kenneth A Polite added to party Prevent ESA Fraud(pty:dft), Attorney Kenneth A Polite added to party Prevent ESA Fraud, Inc.(pty:dft), Attorney Kenneth A Polite added to party SAPS, LLC(pty:dft).(Polite, Kenneth) Modified on 9/17/2025 (car). (Entered: 09/16/2025) |
| 09/16/2025 | 72 (p.1701) | DEFICIENT: MOTION for Leave to File *Sur-Reply* by Greater Guide Inc. Motion(s) will be submitted on 10/1/2025. (Attachments: # 1 (p.16) Exhibit Exhibit A Proposed Sur Reply)(Trombatore, Vincent) Modified on 9/17/2025 (car). (Entered: 09/16/2025) |
| 09/17/2025 | 73 (p.1710) | EXPARTE/CONSENT MOTION to Enroll as Counsel of Record by Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC. (Attachments: # 1 (p.16) Proposed Order)(Holmes, Duris) (Entered: 09/17/2025) |
| 09/17/2025 | 74 (p.1713) | REPLY to Response to Motion filed by Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC re 48 (p.830) MOTION to Dismiss for Failure to State a Claim . (Holmes, Duris) Modified on 9/18/2025 (amj). (Entered: 09/17/2025) |
| 09/18/2025 | 75 | Correction of Docket Entry by Clerk re 74 (p.1713) Response/Memorandum in Support of Motion. 1) Filing attorney selected incorrect event. Correct event is Reply to Response to Motion. Clerk took corrective action. 2) Name of attorney who electronically filed this document does not match name of signatory attorney on pleading. The user log-in and password serve as the required signature for purposes of Rule 11 of the FRCP. No further action is necessary. (amj) (Entered: 09/18/2025) |
| 09/18/2025 | 76 (p.1724) | MOTION for Leave to File *Sur-Reply in Opposition to Defendants Reply in Support of Motion to Dismiss* by Greater Guide Inc. Motion(s) will be submitted on 10/1/2025. (Attachments: # 1 (p.16) Proposed Pleading, # 2 Proposed Order, # 3 (p.53) Notice of Submission)(Trombatore, Vincent) Modified referral and text on 9/19/2025 (amj). (Entered: 09/18/2025) |
| 09/18/2025 | 77 (p.1737) | EXPARTE/CONSENT MOTION to Expedite by Greater Guide Inc. (Attachments: # 1 (p.16) Proposed Order)(Trombatore, Vincent) Modified on 9/19/2025 (amj). (Entered: 09/18/2025) |
| 09/19/2025 | 78 | Correction of Docket Entry by Clerk re 77 (p.1737) MOTION to Expedite , 76 (p.1724) MOTION for Leave to File *SUR-REPLY IN OPPOSITION TO DEFENDANTS REPLY IN SUPPORT OF MOTION TO DISMISS*. Filing attorney incorrectly changed 'N' to 'Y' at the question 'Is this motion to be decided by the Magistrate Judge Y/N?'. This motion will be |

| | | |
|---|---|---|
| | | decided by the District Judge. Clerk took corrective action. (amj) (Entered: 09/19/2025) |
| 09/23/2025 | 79 (p.1741) | ORDER: IT IS HEREBY ORDERED that the motion for expedited consideration (Rec. Doc. 77 (p.1737) ) is GRANTED. FURTHER ORDERED that the motion for leave to file a sur-reply (Rec. Doc. 76 (p.1724) ) is DENIED. Signed by Judge Carl J Barbier on 9/23/2025. (amj) (Entered: 09/23/2025) |
| 09/23/2025 | 80 (p.1742) | ORDER granting 73 (p.1710) Motion to Enroll as Counsel of Record. Kenneth A Polite be enrolled as additional counsel of record for Defendants. Signed by Judge Carl J Barbier on 9/23/2025. (amj) (Entered: 09/23/2025) |
| 09/23/2025 | 81 (p.1743) | EXPARTE/CONSENT MOTION to Substitute Attorney. Attorney Scott L. Sternberg, M. Suzanne Montero, Katherine W. Gressett, and Haley A. Jupiter to be substituted in place of Frederic Theodore LeClerq, Duris L. Holmes, and Kelly L. Covington by Dominick Latino, III, Prevent ESA Fraud, Prevent ESA Fraud, Inc., SAPS, LLC. (Attachments: # 1 (p.16) Proposed Order)(Holmes, Duris) (Entered: 09/23/2025) |
| 09/26/2025 | 82 (p.1747) | ORDER granting 81 (p.1743) Motion to Substitute Attorney. Scott L. Sternberg, M. Suzanne Montero, Katherine W. Gressett, and Haley A. Jupiter are SUBSTITUTED and ENROLLED as counsel of record for Defendants. FURTHER ORDERED that Frederic Theodore LeClerq, Duris L. Holmes, and Kelly L. Covington are hereby WITHDRAWN as counsel of record for Defendants. Signed by Judge Carl J Barbier on 9/26/2025. (amj) (Entered: 09/26/2025) |
| 10/31/2025 | 83 (p.1749) | ORDER AND REASONS: IT IS HEREBY ORDERED that Defendants' Motion to Dismiss FirstAmended Complaint for Damages and Injunctive Relief (Rec. Doc. 48 (p.830) ) is GRANTED, and that Plaintiff Greater Guide, Inc.'s federal claims against SAPS LLC; Prevent ESA Fraud, Inc.; Prevent ESA Fraud; and Dominick Latino, III are DISMISSED WITH PREJUDICE. FURTHER ORDERED that Plaintiff's state law claims against Defendants are DISMISSED WITHOUT PREJUDICE. Signed by Judge Carl J Barbier on 10/31/2025. (amj) (Entered: 10/31/2025) |
| 11/14/2025 | 84 (p.1766) | NOTICE OF APPEAL re 83 (p.1749) Order and Reasons by Greater Guide Inc. (Filing fee $ 605, receipt number ALAEDC-11234049.) (Trombatore, Vincent) Modified on 11/14/2025 (amj). (Entered: 11/14/2025) |
| 12/16/2025 | 85 | USCA Case Number 25-30677 appealed to USCA, 5th Cir. for 84 (p.1766) Notice of Appeal filed by Greater Guide Inc. (amj) (Entered: 12/16/2025) |

GREATER GUIDE, INC. v. SAPS LLC, ET AL (2:25-cv-00428-CJB-MBN)

## 2. Notice of Appeal

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREATER GUIDE INC. D/B/A AMERICAN
SERVICE PETS,
*Plaintiff.*

CASE NO: 25-428

v.

SECTION: J (5)

SAPS, LLC, PREVENT ESA FRAUD INC,
PREVENT ESA FRAUD, DOMINICK
LATINO III, AND,
JOHN DOE UNKNONWN INVESTIGATOR
*Defendants*.

JUDGE: CARL J BARBIER

MAGISTRATE: MICHAEL NORTH

JURY TRIAL REQUESTED

## <u>NOTICE OF APPEAL</u>

NOTICE is hereby given that Greater Guide Inc. d/b/a American Service Pets, Plaintiff in the above-captioned matter, hereby appeals to the United States Court of Appeals for the Fifth Circuit from the *Order and Reasons* entered by the Court on October 31, 2025 (Rec. Doc. 83), which granted the *Motion to Dismiss First Amended Complaint for Damages and Injunctive Relief* (Rec. Doc. 48) filed by Defendants SAPS LLC; Prevent ESA Fraud, Inc.; Prevent ESA Fraud ("PEF"); and Dominick Latino, III, which dismissed all federal claims with prejudice, and dismissed all state-law claims without prejudice. This constitutes a final, appealable judgment within the meaning of 28 U.S.C. § 1291.

Respectfully submitted,
Date: November 14, 2025

**LABORDE LEGAL GROUP, LLC**

*/S/ Vincent J. Trombatore, Esq*
**Vincent Trombatore, Esq. (LBN: 35355)**
vincent@labordelegal.com
Trial Attorney
**Garrett P. LaBorde, Esq. (LBN: 28111)**
garrett@LabordeLegal.com
1615 Poydras St, Ste. 900.

25-30677.1766

New Orleans, LA 70112
P: (504) 208-4554
Secondary email:
admin@LabordeLegal.com
***Attorneys for Plaintiff Greater Guide***

A certificate of service has been omitted pursuant to Local Civil Rule 5.4.

## 3. Order and Reasons

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREATER GUIDE, INC. D/B/A                    CIVIL ACTION
AMERICAN SERVICE PETS

VERSUS                                       NO. 25-428

SAPS LLC ET AL.                              SECTION: "J"(5)

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss First Amended Complaint for Damages and Injunctive Relief* **(Rec. Doc. 48)** filed by Defendants SAPS LLC; Prevent ESA Fraud, Inc.; Prevent ESA Fraud ("PEF"); and Dominick Latino, III (hereinafter collectively "Defendants"). Plaintiff Greater Guide Inc. d/b/a American Service Pets ("ASP") filed an opposition (Rec. Doc. 64), to which Defendants replied (Rec. Doc. 74). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

At its most basic level, this litigation arises out of business competition between Plaintiff and Defendants in the emotional support animal industry. More specifically, Defendants mailed complaints to state regulatory agencies concerning independent mental health professionals who contracted with Plaintiff, and these complaints led the mental health professionals to terminate their contracts with Plaintiff.

1

25-30677.1749

Both Defendant SAPS and Plaintiff are companies that sell Emotional Support Animal ("ESA") certification letters by connecting consumers to contracted mental health care providers through their websites, and both companies appear to have nearly identical business models. Plaintiff operates a website, www.americanservicepets.com, through which individuals can apply for ESA certification. The individual fills out an online questionnaire, complete with a request for an evaluation from a contracted medical provider. Within this application, users must accept the terms and conditions of Plaintiff's website, which include an agreement not to submit any false information.

Defendant Dominick Latino, III serves as president and owner of Prevent ESA Fraud, which holds itself out as a nonprofit organization that does what its name suggests. He also serves as counsel for SAPS LLC, which owns the US Service Animals website, a direct competitor of Plaintiff. According to a quote from Mr. Latino on the Prevent ESA Fraud website, the goal of Prevent ESA Fraud is, in part, "to stop invalid ESA letters from harming people and businesses." The website also includes a quote from Matt Handal, who is listed as the founder of US Service Animals, which is the website owned by Defendant SAPS.

Plaintiff asserts that Defendants are connected entities, with Mr. Latino serving as legal counsel for SAPS and as president-owner of PEF. As a basis for its claims, Plaintiff alleges that Defendants conspired to harm Plaintiff's business. Specifically, Plaintiff claims Defendants used an investigator to submit at least thirty-one fictional online applications on Plaintiff's website which served as

2

25-30677.1750

Defendants' basis for state regulatory complaints. These complaints led to various mental health care providers terminating their agreements with Plaintiff. Further, Plaintiff alleges that Defendants lodged these complaints with regulatory agencies in retaliation after Defendants' lawsuit in Louisiana state court was dismissed.

Plaintiff insists that Defendants' actions (1) amount to civil conspiracy and fraud, (2) violated its website's terms and conditions, and (3) were designed to harm business competition. Plaintiff raises actions that include violations of the Sherman Antitrust Act, the Computer Fraud and Abuse Act, and civil Racketeer Influenced and Corrupt Organizations ("RICO") Act, in addition to a number of state-law claims.

The Court has original jurisdiction over Plaintiff's claims under the Computer Fraud and Abuse Act, the Sherman Act, and Plaintiff's civil RICO claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining state-law claims. Defendants now move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), averring that the *Noerr-Pennington* doctrine bars Plaintiff's claims generally and, in the alternative, contending that the individual claims lack merit. Plaintiff opposes.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The

25-30677.1751

factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

Defendants assert that the *Noerr-Pennington* doctrine bars all of Plaintiff's claims in the First Amended Complaint, and alternatively, that Plaintiff's claims fail as a matter of law. Because the Court is not persuaded that Defendants' affirmative defense bars all of Plaintiff's federal claims, the Court will address each of these claims separately.

In its opposition to Defendants' Motion to Dismiss, Plaintiff correctly notes that Defendants' invocation of the *Noerr-Pennington* doctrine constitutes an affirmative defense; however, Plaintiff misstates the legal consequences of this fact. Plaintiff relies on the Fifth Circuit's opinion in *Bayou Fleet, Inc. v. Alexander*, 234 F.3d 852 (5th Cir. 2000) to argue that *Noerr-Pennington* is "not a basis for dismissal at the pleading stage" (Rec. Doc. 64, at 5), but *Bayou Fleet* does not support this conclusion.

A primary issue in *Bayou Fleet* was whether the defendants had waived their

4

right to assert immunity under the *Noerr-Pennington* doctrine because they had failed to raise the defense timely. *Bayou Fleet*, 234 F.3d at 860. The district court had erroneously held that the *Noerr-Pennington* doctrine was not an affirmative defense, *id.*, but even despite this error, the Fifth Circuit affirmed the district court's decision to dismiss the plaintiff's claims, holding that defendants' conduct was immune under *Noerr-Pennington*, *id.* at 862–63.

Moreover, the Fifth Circuit has consistently held that "when a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (citing *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)); *see also Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 571 (5th Cir. 2021) (holding that "'[d]ismissal under Rule 12(b)(6) on *res judicata* grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings'"); *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Kansa Reins.*, 20 F.3d at 1366, and concluding that the defendant "was permitted to raise the statute of frauds as a defense in its Rule 12(b)(6) motion"). Furthermore, "[w]hile the district court must accept as true all factual allegations in the complaint, . . . it need not resolve unclear questions of law in favor of the plaintiff." *Kansa Reins.*, 20 F.3d at 1366 (citations omitted).

Here, the availability of the *Noerr-Pennington* doctrine as an affirmative defense appears on the face of the pleadings and exhibits that Plaintiff attached thereto. Therefore, the Court will consider the applicability of this defense in

5

evaluating Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). However, the Court agrees with Plaintiff that the five exhibits Defendants attached to their Motion to Dismiss should be excluded under Rule 12(b)(6), and therefore, the Court has not considered these exhibits.

The Court will first address Plaintiff's claims under Sections 1 and 2 of the Sherman Act because these claims are based directly on the regulatory complaints Defendants made. Because the Court finds that the *Noerr-Pennington* serves to immunize Defendants' conduct regarding the filing of regulatory complaints with state agencies, the Court concludes that Plaintiff's claims under the Sherman Act should be dismissed.

### A. The *Noerr-Pennington* Doctrine and the Sherman Act

The *Noerr-Pennington* doctrine has developed from two Supreme Court cases: *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961), and *United Mine Workers of America v. Pennington*, 381 U.S. 657 (1965). Under the *Noerr-Pennington* doctrine, a party who petitions the government for redress is generally afforded immunity from antitrust liability. *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 690 (5th Cir. 2010). "The essence of the doctrine is that parties who petition the government for governmental action favorable to them cannot be prosecuted under the antitrust laws even though their petitions are motivated by anticompetitive intent." *Video Int'l Prod., Inc. v. Warner-Amex Cable Commc'ns, Inc.*, 858 F.2d 1075, 1082 (5th Cir. 1988). However, the doctrine's immunity does not extend to petitioning activity that qualifies as a "sham." *Bryant*, 597 F.3d at 690.

25-30677.1754

Determining whether litigation, or other petitioning conduct, is a sham requires the Court to distinguish between objectively reasonable claims and those claims that "'lead[ ] the factfinder to conclude that the administrative and judicial processes have been abused.'" *Id.* (quoting *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 513 (1972)). Courts employ a two-part test articulated by the Supreme Court in *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.* to determine whether litigation is a sham. 508 U.S. 49, 60 (1993). The first step is to determine whether the action is "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." *Id.* If the litigation is objectively meritless, then the court examines the litigant's subjective motivation and explores "whether the baseless lawsuit conceals 'an attempt to interfere *directly* with the business relationships of a competitor,' through the 'use [of] the governmental *process*—as opposed to the *outcome* of that process—as an anticompetitive weapon.'" *Id.* at 60-61 (emphasis in original) (citations omitted).

The petitioning conduct at issue in the instant case are the complaints that Defendants made to state regulatory boards after creating allegedly fraudulent accounts and thereby engaging the services of third-party mental health professionals through ASP's website. ASP argues that the sham exception applies to Defendants' conduct, and thus, *Noerr-Pennington* does not protect it. Defendants, on the other hand, urge that the complaints they made regarding mental health care practitioners who provided services in conjunction with ASP were objectively reasonable and that a "reasonable litigant could realistically expect success on the

7

25-30677.1755

merits." *Id.* at 56.

Under the *Professional Real Estate* test, this Court must first evaluate whether Defendants' conduct was "objectively baseless." At this stage in the litigation, ASP only needs to allege facts that plausibly entitle it to relief. Plaintiff alleges that acting in concert, Defendants used an unknown investigator to set up fraudulent accounts on Plaintiff's website, American Service Pets, and through these accounts, were connected to independent, third-party mental health professionals. Then, according to Plaintiff's First Amended Complaint, Defendants, "using their ill-motivated and fraudulently obtained access to the Plaintiff's website and network of licensed providers," filed "a number of fake/manufactured and maliciously motivated regulatory 'complaints' with several State . . . regulatory bodies and agencies." (Rec. Doc. 31, at 2).

Throughout its pleadings, Plaintiff characterizes Defendants' complaints to state regulatory boards as "indiscriminate" and "baseless" (Rec. Doc. 31, at 17); as "fake complaints" (Rec. Doc. 31, at 26); as "fabricated" (Rec. Doc. 16); and as "objectively baseless" (Rec. Doc. 31, at 39). Furthermore, Plaintiff alleges that Defendants' complaints to state boards relied on "fictitious industry standards" (Rec. Doc. 31, at 4) that Defendants, namely Prevent ESA Fraud, unilaterally created and imposed, "without reference to local law or regulation" (Rec. Doc. 31, at 18), and that "no bona-fide grievances existed" (Rec. Doc. 31, at 16). In fact, Plaintiff defines what it means by "indiscriminate complaints" by saying, "As used herein, the term 'indiscriminate complaints' means complaints that rely solely on Defendants'

8

privately drafted 'Code of Conduct & Ethics' and may only reference state law or laws of other states." (Rec. Doc. 31, at 18).

One thing Plaintiff has not alleged, however, is that Defendants' complaints to state regulatory boards are untrue.

Attached to its First Amended Complaint, Plaintiff included a detailed list of the complaints Defendants mailed to state regulatory agencies (Exhibit 5: Detailed PEF Mailed Complaints List, Rec. Doc. 31-5). Of the eight complaints that Plaintiff included in this list, all but one of them is based on Defendants' (Prevent ESA Fraud and Dominick Latino III specifically) allegation that an independent mental healthcare provider issued an ESA certification letter to an "investigator" based solely on an online evaluation. (Rec. Doc. 31-5, at 2). In its pleadings, Plaintiff does not refute this allegation.

While the Court agrees with Plaintiff that Defendants' complaints "were based entirely on fake or fraudulent consumer/patient interactions with ASP's systems and providers" (Rec. Doc. 31, at 21), that does not mean that the complaints themselves were "objectively baseless." Assuming that Defendants' allegations were true, these complaints are not based solely on a standard that Defendants unilaterally created and imposed. Instead, for the complaint filed in Louisiana, for example, the allegation is based on state law.[1]

---

[1] Based on Plaintiff's exhibit (Rec. Doc. 31-5), Defendants mailed complaints to state regulatory boards in the following states: Arizona, California, Florida, Louisiana, Texas, and Washington. Similarly to Louisiana's statute, Cal. Health & Safety Code § 122318 prohibits a health care practitioner from providing documentation "relating to an individual's need for an emotional support dog unless the health care practitioner," among other requirements, "establishes a client-provider relationship with the individual for at least 30 days prior to providing the documentation

25-30677.1757

In 2024, the Louisiana Legislature passed the Louisiana Support and Service Animal Integrity Act. *See* La. Stat. Ann. § 46:1971 *et seq.* Section 1974 of the Act establishes that healthcare providers are prohibited from producing "documentation relating to an individual's need for a support animal unless" the provider complies with a list of six requirements, two of which are that the healthcare provider must "engage[] with an individual in person or remotely in at least two sessions before issuing documentation determining that the individual requires a support animal," and "perform[] a clinical evaluation of an individual no less than thirty days before producing documentation regarding the individual's need for a support animal." La. Stat. Ann. § 46:1974(A)(5), (6). Based on this statutory scheme and a similar statute in California, for example, Plaintiff's assertion that Defendants' complaints to state regulatory boards relied solely on Prevent ESA Fraud's unilaterally created standards is unfounded.

Therefore, Prevent ESA Fraud and Dominick Latino's complaints to state regulatory boards were grounded in standards that are more widely accepted than Plaintiff suggests. Based on the summaries that Plaintiff provided, these complaints appear to have a basis in at least some states' laws, and thus, the complaints

---

requested regarding the individual's need for an emotional support dog" and "[c]ompletes a clinical evaluation of the individual regarding the need for an emotional support dog." Cal. Health & Safety Code § 122318(a)(3)(B), (a)(4).

Under Florida law, a request for accommodation of an emotional support animal under the Fair Housing Act must be "reasonable," and an "emotional support animal registration of any kind, including, but not limited to, an identification card, patch, certificate, or similar registration obtained from the Internet is not, by itself, sufficient information to reliably establish that a person has a disability or a disability-related need for an emotional support animal." Fla. Stat. § 760.27. While not all states have enacted laws that lay out requirements for a healthcare provider and emotional support animal letters, the cited statutes suggest that the complaints that Defendants filed were not based solely on unilaterally created standards.

25-30677.1758

presumably have an objective and reasonable basis *unless* they contain untrue allegations.

Plaintiff has had the opportunity in more than one pleading to assert that Defendants' complaints were false, but Plaintiff has not done so. Instead, Plaintiff has made conclusory statements regarding the "indiscriminate" and "baseless" nature of Defendants' complaints without providing factual support. Therefore, it is reasonable to assume that Plaintiff cannot make this showing. Plaintiff's "continued iteration that [Defendants'] actions are objectively baseless does not make them so." *721 Bourbon, Inc. v. Willie's Chicken Shack, LLC*, 2020 WL 587886 (E.D. La. 2020). Under these circumstances, Defendants have demonstrated that their complaints to state regulatory boards were not "objectively baseless," and therefore, the sham exception to *Noerr-Pennington* immunity would not apply.

Moreover, the fact that Defendants' anonymous "investigator" was able to create fictitious accounts on Plaintiff's website and presumably receive ESA letters from Plaintiff's affiliated independent mental health professionals based on these fictitious personas seems to confirm the complaints Defendants made to state boards.

In sum, the availability of Defendants' affirmative defense, the *Noerr-Pennington* doctrine, appears on the face of Plaintiff's First Amended Complaint and attached exhibits, and therefore, this defense may be considered in ruling on Defendants' Motion to Dismiss. Furthermore, Defendants have met their burden of proving that the "sham exception" to *Noerr-Pennington* does not apply in this case because their complaints to state regulatory agencies were not "objectively baseless,"

11

and therefore, Defendants' petitioning conduct is immunized under *Noerr-Pennington*. Finally, the *Noerr-Pennington* doctrine arose specifically in the antitrust context, and accordingly, this immunity acts to bar Plaintiff's claims under the Sherman Act. Therefore, these claims are dismissed.

The Court will now consider Plaintiff's claims under the Computer Fraud and Abuse Act.

### B. Computer Fraud and Abuse Act

Plaintiff also claims that Defendants violated the Computer Fraud and Abuse Act ("CFAA") when they allegedly accessed Plaintiff's website (American Service Pets, www.AmericanServicePets.com) "without authorization" multiple times between January of 2023 and September 30, 2024. Specifically, Plaintiffs allege that on approximately thirty-one occasions, Defendants created fraudulent customer profiles with falsified information, including fictitious names, birthdates, addresses, and billing information, in order "to obtain medical services and confidential business information." (Rec. Doc. 31, at 33). Furthermore, Plaintiff claims that Defendants created these fictitious accounts in express violation of its website's terms and conditions.

In their Motion to Dismiss, Defendants do not deny this conduct but instead acknowledge that the investigations conducted by Defendant Prevent ESA Fraud ("PEF") "involve[d] the creation of user profiles to access websites selling ESAs for the purpose of testing compliance with applicable legal and professional standards for ESA issuance." (Rec. Doc. 48-1, at 5). According to its self-professed business

25-30677.1760

model, when PEF "determines there is non-compliance, then PEF files complaints with the appropriate state boards." *Id.*

Through this investigative technique, Plaintiff alleges that Defendants violated three provisions of the CFAA. First, Section 1030(a)(2) of the CFAA imposes criminal and civil liability on "[w]hoever . . . intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains— . . . (C) information from any protected computer." 18 U.S.C.A. § 1030(a)(2)(C). Next, Plaintiff asserts that Defendants violated 18 U.S.C.A. § 1030(a)(4), which imposes liability on "[w]hoever . . . knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access," thereby furthering the fraud and obtaining "anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period." 18 U.S.C.A. § 1030(a)(4). Finally, Plaintiff claims that Defendants also violated § 1030(b) by conspiring or attempting "to commit an offense under subsection (a)." *Id.* § 1030(b).

What neither party has acknowledged, however, is that the Computer Fraud and Abuse Act is primarily a criminal statute, and it is 18 U.S.C.A. § 1030(g) that provides the civil cause of action under the Act. This section begins as follows: "Any person *who suffers damage or loss* by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." *Id.* § 1030(g) (emphasis added). Furthermore, the statute explicitly defines "damage" as "any impairment to the

13

integrity or availability of data, a program, a system, or information," *id.* § 1030(e)(8), and "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service," *id.* § 1030(e)(11).

In the instant case, Plaintiff claims that Defendants' alleged violation of the CFAA "caused a loss to Plaintiffs [sic] in excess of $5,000 during a one-year period . . . including but not limited to costs associated with identifying and responding to fraudulent activity, enhancing security measures, and addressing harm to business operations." (Rec. Doc. 31, at 34). However, Plaintiff makes these conclusory allegations without providing any substantive support. Furthermore, based on Plaintiff's First Amended Complaint and its opposition to Defendants' Motion to Dismiss, the "harm to business operations" that Plaintiff suffered was not of "the type unauthorized users cause to computer systems and data," but instead, Plaintiff alleges that Defendants' complaints to state regulatory boards caused its loss because these complaints led independent mental health professionals to terminate their contracts with Plaintiff. This loss is not the kind of "technological harm" anticipated under the CFAA, nor is it one for which the CFAA provides a civil remedy.

Moreover, Plaintiff discovered that Defendants had violated its website's terms and conditions only after Defendants filed complaints with state regulatory agencies. In other words, Plaintiff's costs to "identify[] and respond[] to fraudulent activity"

14

25-30677.1762

were directly related to the complaints Defendants made to state regulatory agencies, conduct which is immune under the *Noerr-Pennington* doctrine.

Even accepting all of Plaintiff's well-pled allegations as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff's claims to relief under the CFAA are not plausible on their face.

### C. Racketeer Influenced and Corrupt Organizations Act

Plaintiff also brings claims against Defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). RICO statute 18 U.S.C. § 1962(c) makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). Plaintiff alleges that Defendants operated as an association-in-fact enterprise, and that this enterprise committed the predicate acts of mail and wire fraud under 18 U.S.C. §§ 1341 and 1343 "with the shared purpose of suppressing ESA-PSA certification market presence through fraud, CFAA violations, and sham regulatory complaints." (Rec. Doc. 31, at 41).

In response, Defendants assert that Plaintiff has failed to state valid RICO claims on three primary grounds: (1) Plaintiff's First Amended Complaint "alleges no distinction between the alleged enterprise and the persons who formed that enterprise," (Rec. Doc. 48-1, at 34); (2) Plaintiff has not pleaded its claims regarding Defendants' predicate acts with particularity; and (3) Plaintiff lacks standing based

25-30677.1763

on a lack of injury.

In accord with the Supreme Court's decision in *Sedima, S.P.R.L. v. Imrex Co*, 473 U.S. 479 (1985), the Fifth Circuit has made clear that "a violation of § 1962(c) 'requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Montesano v. Seafirst Com. Corp.*, 818 F.2d 423, 424 (5th Cir. 1987) (quoting *Sedima*, 473 U.S. at 496). The RICO statutory scheme defines a "pattern of racketeering activity" as requiring "*at least two acts* of racketeering activity." 18 U.S.C. § 1961(5) (emphasis added).

Here, Plaintiff alleges that Defendants committed two predicate acts: wire fraud and mail fraud. Specifically, Plaintiff asserts that Defendants committed mail fraud when they mailed their complaints against independent mental health professionals to the various state regulatory boards. However, because this conduct is protected by *Noerr-Pennington* immunity, Plaintiff's complaint does not make a plausible showing on its face of *two* predicate acts. Therefore, assuming that Plaintiff could prove that Defendants committed wire fraud, Plaintiff would not be able to meet its burden in proving the elements of its RICO claims.

Furthermore, because the Court concludes that all of Plaintiff's claims under federal law should be dismissed, the Court will no longer have supplemental jurisdiction over Plaintiff's state-law claims.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion to Dismiss First*

16

25-30677.1764

*Amended Complaint for Damages and Injunctive Relief* **(Rec. Doc. 48)** is **GRANTED**, and that Plaintiff Greater Guide, Inc.'s federal claims against SAPS LLC; Prevent ESA Fraud, Inc.; Prevent ESA Fraud; and Dominick Latino, III are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims against Defendants are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 31st day of October, 2025.

_____

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

25-30677.1765

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2026, an electronic copy of the foregoing record excerpts was filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and that service will be accomplished by the appellate CMF/ECF system.

/s/ Evan J. Bergeron
EVAN J. BERGERON, LSBA # 33725